# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 09-CR-47-LRR |
| vs. | **ORDER** |
| THOMAS WOHLMAN, | |
| Defendant. | |

## *I. INTRODUCTION*

The matter before the court is Defendant Thomas Wohlman's "Motion to Dismiss Count 1 of the Indictment for Improper Venue" ("Motion") (docket no. 18).

## *II. RELEVANT PRIOR PROCEEDINGS*

On July 22, 2009, a grand jury returned a two count indictment ("Indictment") (docket no. 2) against Defendant. Counts 1 and 2 charge Defendant with Attempted Enticement of a Minor, in violation of 18 U.S.C. § 2422(b). In Count 1 of the Indictment, the government alleges that Defendant communicated with Agents Robert Larsen and Cheryl Keller of the Iowa Division of Criminal Investigation ("DCI") with the belief that they were a 15 year-old girl named "Abby." The first alleged communication occurred while Agent Larsen was in La Vista, Nebraska. The remaining communications allegedly occurred while Agents Larsen and Keller were in Council Bluffs, Iowa. Defendant was in the Northern District of Iowa when he allegedly communicated with Agents Larsen and Keller.

On October 1, 2009, Defendant filed the Motion. On October 13, 2009, the government filed a Resistance (docket no. 24). Defendant requests oral argument on the Motion. The court finds that oral argument is unnecessary. The Motion is fully submitted and ready for decision.

## III. ANALYSIS

In the Motion, Defendant asks the court to dismiss Count 1 of the Indictment on the basis that venue in the Northern District of Iowa is improper. Defendant argues that "the proper venue for the litigation of Count 1 is the United States District Court for the Southern District of Iowa." Motion at 2. Defendant argues that venue is improper in the Northern District of Iowa because "[a]ll of the communications between [the officer] and the Defendant occurred while [the officer] was at his office in Council Bluffs, Pottawattamie County, Iowa," which is in the Southern District of Iowa. *Id*.

The government asserts that venue is proper in the Northern District under 18 U.S.C. § 3237(a). Section § 3237(a) governs venue for offenses committed in more than one district and provides, in relevant part:

> [A]ny offense . . . begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

18 U.S.C. § 3237. The government argues that venue is proper in the Northern District of Iowa because Defendant was in the Northern District when he communicated with Agents Larsen and Keller over the Internet and telephone.

Defendant was in the Northern District of Iowa when he allegedly initiated Internet conversations with Agent Larsen. Thus, the offense charged in Count 1 of the Indictment was "committed in more than one district" and can therefore be prosecuted "in any district in which such offense was begun, continued, or completed." *Id*; *see also United States v. Byrne*, 171 F.3d 1231, 1234-35 (10th Cir. 1999) ("Coercion and enticement in violation of 18 U.S.C. § 2422 is a continuing offense under 18 U.S.C. § 3237 and venue is proper in 'any district in which such offense was begun, continued, or completed.'" (quoting 18 U.S.C. § 3237(a))); *United States v. Boyer*, No. 4:08cr1DPJ-JCS, 2008 WL 4104482, at *1 (S.D. Miss. Aug. 28, 2008) ("[T]he court agrees with the Government's contention that

venue for a charge under § 2422(b) can exist in more than one district pursuant to 18 U.S.C. § 3237(a)"). Accordingly, the court finds that venue on Count 1 of the Indictment is proper in the Northern District of Iowa.

### *IV. CONCLUSION*

In light of the foregoing, the Motion (docket no. 18) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 22nd day of October, 2009.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA